Dr. Richard E. Hurley Director, Human Resources Little Rock School District 810 West Markham Street Little Rock, Arkansas 72201
Dear Dr. Hurley:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on the legality of your decision, in response to a "Freedom of Information Act" ("FOIA") request, that a list of all employees of the Little Rock School District, which includes, among other things, the employees' birth dates, is exempt from disclosure under A.C.A. § 25-19-105(b)(10), the exception for the release of personnel records to the extent their disclosure would constitute a "clearly unwarranted invasion of personal privacy."
It is my opinion that your decision is inconsistent with the FOIA.
This office has previously concluded, in opinions too numerous to cite, that courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background and work experience. See, e.g., Op. Att'y Gen. 94-198 (copy enclosed). These opinions relied on federal case law, which employs a balancing test, to determine whether a clearly unwarranted invasion of privacy exists. See, e.g., Simpson v. Vance,648 F. Supp. 10 (D.C. 1980) (holding that names and birth dates, among other items, did not involve sufficiently intimate details of the employee's life nor embarrassing disclosures which deserve protection).
The Arkansas Supreme Court, under our state FOIA, also applies a balancing test in determining whether the release of personnel records would constitute a "clearly unwarranted invasion of personal privacy," and has been willing to look to federal case law for guidance in the area. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). It was stated in Young that "when applying federal FOIA privacy exemptions, the federal courts have found that a substantial privacy interest exists in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. I cannot conclude, although some employees might disagree, that the names and birth dates of employees would fall into the category of "intimate details of a person's life" or that the release of this information would result in any of the repercussions above. But cf. Oliva v. U.S., 756 F. Supp. 105 (E.D.N.Y. 1991). Thus, the privacy interest in this information does not appear to be substantial. The interest of the public in knowing the names of its employees is, in my opinion, substantial. The public's interest in knowing the employees' birth dates is somewhat less substantial, but in my opinion is nevertheless significant, perhaps in the context of assessing the District's status with relation to age discrimination, or other legitimate concerns.
It is therefore my opinion that your decision to exempt this information from disclosure is contrary to the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh