**Vinny OLIVA, Plaintiff,**

v.

**UNITED STATES of America, U.S. Dept. of Housing and Urban Development, a/k/a "HUD", Defendants.**

**No. CV 90–0981.**

United States District Court, E.D. New York.

Feb. 20, 1991.

Vinny Oliva, Sound Beach, N.Y., pro se.

Andrew J. Maloney, U.S. Atty. by Stephen Riegel, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

MEMORANDUM AND ORDER

WEXLER, District Judge.

Vinny Oliva, ("plaintiff"), commenced this action to compel the release of certain information by the United States Department of Housing and Urban Development, ("defendant" or "HUD"), pursuant to the Freedom of Information Act, ("FOIA"), 5 U.S.C. § 552. On August 14, 1990, the Court heard testimony from both plaintiff and defendant, and thereafter each party submitted post-trial memoranda. Based on the testimony and briefs submitted, and for the reasons discussed below, the complaint is dismissed.

## I. BACKGROUND

On November 13, 1989, plaintiff requested a copy of defendant's Mutual Mortgage Insurance/Mortgage Insurance Premium list for the State of New Jersey. The list, which defendant released to plaintiff, consisted of homeowners who had paid a one-time mortgage insurance premium to the Federal Housing Administration ("FHA") of HUD, and who were eligible for distribution share refunds from HUD, but who had not been paid the refunds for over two years after the time at which they had become eligible. The information on the list included the mortgagor's name, last known address, FHA case number, address of the mortgaged property, as well as the outstanding amount of the refund. The purpose of such a list is to allow a third party tracer, like plaintiff, to attempt to locate potential claimants whom HUD is unable to locate. The tracers usually do this service in return for a percentage of the refund paid by HUD to the mortgagor.

After receiving the list, plaintiff further requested that defendant also provide him with the social security numbers and dates of birth for all individuals on the list. HUD refused to release this information, and plaintiff thereafter commenced this action to compel disclosure—by defendant—of the social security numbers and dates of birth.

Plaintiff argues that he is entitled to this information pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Generally, that statute provides for the disclosure of information held by various federal agencies. Defendant asserts that its refusal to disclose the information is justified under exemption six of the FOIA. 5 U.S.C. § 552(b)(6).

## DISCUSSION

The Freedom of Information Act generally provides guidelines for the disclosure of information by government agencies. 5 U.S.C. § 552. Section 552(a)(3) requires every agency "upon any request for records" to make such records "promptly available to any person." If an agency improperly withholds any documents, the district court

has the authority to order their production. *See* 5 U.S.C. § 552(a)(4)(B); *United States Dep't of Justice v. Reporters Comm.*, 489 U.S. 749, 109 S.Ct. 1468, 1472, 103 L.Ed.2d 774 (1989). The Act further provides nine categories of documents which are exempted from the broad disclosure requirements. Exemption six states that the Freedom of Information Act does not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); *Local 3, I.B.E.W., AFL–CIO v. N.L.R.B.*, 845 F.2d 1177, 1180–81 (2d Cir.1988). Plaintiff in the case at bar does not contest that the information he has requested falls within the meaning of the term "similar files" found in exemption six. *See I.B.E.W. Local Union v. HUD*, 852 F.2d 87, 88–89 (3d Cir.1988) (citations omitted).

As a general matter, with respect to the instant case, it is to be noted that the purpose of the FOIA is not to allow one private citizen, such as plaintiff, to receive personal information about other private citizens. Despite the fact that the FOIA was designed to create "a broad right of access to 'official information,'" *Reporters Committee*, 109 S.Ct. at 1481 (citation omitted), the Supreme Court has noted that the basic policy underlying the act "focuses on the citizens' right to be informed about 'what the government is up to.'" *Id.* For example, information falling within such a purpose is that which "sheds light on an agency's performance of its statutory duties...." *Id.* To that end, the statutory purpose is not furthered by a disclosure of information about private citizens which "reveals little or nothing about an agency's own conduct." *Id.* In the present case, it appears clear that plaintiff does not intend to discover anything about the conduct of the defendant agency. Plaintiff seeks the personal information from HUD solely for the purpose of locating private citizens. The Supreme Court has never, in any of its cases construing the FOIA, ordered an agency to honor requests for information about a private citizen. *See id.* at 1482 & n. 21.

In addition, this Court finds that the release of the social security numbers and dates of birth for those individuals on the defendant's list would constitute a clearly unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(6). In making such a determination, the Court is guided by the balancing test set forth by the Second Circuit in *Local 3, I.B.E.W.*, 845 F.2d 1177 (1988). Pursuant to that case, the district court must balance the individual's need and intended use for the information with the privacy rights of those involved. *See id.* at 1181. In light of what he has already received, plaintiff's intended use and asserted need for the social security numbers and dates of birth would serve very little purpose. Plaintiff has already received the names and addresses, in addition to other information, of those individuals he wishes to locate. This previously disclosed information appears sufficient for plaintiff's purposes, and the addition of the social security numbers and dates of birth would not greatly enhance plaintiff's search.

Moreover, it has been held that individuals' social security numbers are within the parameters of exemption six. *I.B.E.W. Local Union*, 852 F.2d at 89. Indeed, the Third Circuit recently described the "strong privacy interest" in social security numbers. *Id.* This Court agrees that social security numbers, and dates of birth, are a private matter, particularly when coupled with the other information plaintiff has received. A social security number may be used in a variety of ways, and should not be disclosed without the consent of the individual whose number is being released. *See id.* As weighed against this privacy interest, the Court finds that plaintiff has failed to advance a persuasive need for the information. *See Local 3, I.B.E.W.*, 845 F.2d at 1181.

## CONCLUSION

For the reasons stated above, the Court finds that the information requested by plaintiff in the case at bar is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(6); accordingly, the complaint is hereby dismissed. The Clerk of the Court is directed to enter judgment for the defendant and close the file in this case.

SO ORDERED.