937 P.2d 689

**SCOTTSDALE UNIFIED SCHOOL DISTRICT NO. 48 OF MARICOPA COUNTY, Arizona; Avondale Elementary School District No. 44 of Maricopa County, Arizona; Balsz Elementary School District No. 31 of Maricopa County, Arizona; Creighton Elementary School District No. 14 of Maricopa County, Arizona; Dysart Unified School District No. 89 of Maricopa County, Arizona; Glendale Elementary School District No. 40 of Maricopa County, Arizona; Mobile Elementary School District No. 96 of Maricopa County, Arizona; Pendergast Elementary School District No. 92 of Maricopa County, Arizona; Tolleson Union High School District No. 214 of Maricopa County, Arizona; Tempe Elementary School District No. 3 of Maricopa**

500

County, Arizona; Gilbert Public Schools of Maricopa County, Arizona; Liberty Elementary School District No. 25 of Maricopa County, Arizona; Peoria Unified School District No. 11 of Maricopa County, Arizona; Paradise Valley Unified School District No. 69 of Maricopa County, Arizona; Mesa Unified School District No. 4 of Maricopa County, Arizona; Phoenix Union High School District No. 210 of Maricopa County, Arizona; Osborn Elementary District No. 8 of Maricopa County, Arizona; Isaac Elementary School District No. 5 of Maricopa County, Arizona; Kyrene Elementary School District No. 28 of Maricopa County, Arizona; Alhambra Elementary School District No. 68 of Maricopa County, Arizona; Cartwright Elementary School District No. 83 of Maricopa County, Arizona; Cave Creek Unified School District No. 93 of Maricopa County, Arizona; Chandler Unified School District No. 80 of Maricopa County, Arizona; Glendale Union High School District No. 205 of Maricopa County, Arizona; and Roosevelt Elementary School District No. 66 of Maricopa County, Arizona, Plaintiffs, Counter–defendants–Appellees.

v.

KPNX BROADCASTING COMPANY, an Arizona corporation; KPNX Broadcasting Company, a wholly owned subsidiary of Gannett Broadcasting Company, a division of Gannett Company, Inc., a Delaware corporation; and Kim Stafford, an individual, Defendants, Counter–claimants–Appellants.

No. 1 CA–CV 95–0462.

Court of Appeals of Arizona, Division 1, Department D.

Jan. 14, 1997.

As Amended Jan. 16, 1997.

Review Granted June 5, 1997.*

---

* Jones, V.C.J., recused himself and did not partici- pate in the determination of this matter.

Jennings, Strouss & Salmon, P.L.C. by Gary L. Lassen, Gordon Lewis and Quarles & Brady by Charles W. Herf, Jennifer N. MacLennan, Phoenix, for Appellees.

Brown & Bain, P.A. by Daniel C. Barr, Cheryl L. Nackino, Phoenix, for Appellants.

## OPINION

GRANT, Judge.

KPNX Broadcasting Company ("KPNX") appeals the trial court's grant of declaratory judgment against it in favor of Scottsdale Unified School District, et al., and the trial court's denial of KPNX's counterclaim for special action. For reasons that follow, we reverse and remand with instructions.

### SUMMARY OF FACTS AND PROCEDURE

In October 1994, television station KPNX discovered that a substitute teacher employed by one of the Maricopa County school districts was a registered sex offender. This fact was determined by comparing the birth

date of the substitute teacher with the birth date of a registered sex offender by the same name. KPNX decided to explore whether any other teachers employed by the county school districts had a criminal record. Toward that end, and pursuant to Arizona Revised Statutes Annotated ("A.R.S.") sections 39–121 through 39–221[1] (the "Public Records Law"), KPNX sent a letter to the 57 Maricopa County school districts requesting that the districts provide the names, birth dates, and current addresses of all full-time and substitute teachers.[2] Later, KPNX amended its request to ask only that the districts provide it with names and birth dates.

The 25 school districts named in this action (collectively "the Districts") provided KPNX with the names, work addresses, and work phone numbers of each teacher. These Districts refused, however, to provide the birth dates of all teachers on grounds of confidentiality and privacy, although they did eventually offer to provide KPNX with the birth dates of specific teachers if KPNX suspected or received a tip that a particular teacher had a criminal record. KPNX's counsel then sent another letter to the 25 Districts threatening legal action if they did not disclose the birth dates of all teachers. In a reply letter, the Districts required that KPNX first state the "public interest" that would be served by releasing the birth dates. KPNX responded, stating it would use the birth dates to identify teachers for criminal background checks, and again requested that the Districts disclose the birth dates. The Districts again refused to comply.

The Districts filed a complaint in superior court seeking declaratory relief as to whether they were required to disclose the birth dates of thousands of teachers pursuant to the Public Records Law. The Districts argued the teachers' birth dates constituted

1. A.R.S. section 39–121, entitled "Inspection of public records," provides:
 Public records and other matters in the office of any officer at all times during office hours shall be open to inspection by any person.

2. The 57 school districts in Maricopa County as a whole employ between 25,000 and 35,000 teachers.

3. Some of the Districts have a personnel policy agreement prohibiting the release of any infor-

confidential information because they were recorded in each teacher's personnel file and were obtained confidentially.[3] In addition, the Districts contended that this information should not be disclosed because the birth dates are recorded in the Districts' internal computer database, for use solely in administering health insurance, medical benefits, and retirement plans; only payroll and personnel staff have access to the information in this database.

After considering the evidence, affidavits, and other materials before it, the trial court entered judgment for the Districts. The trial court ruled the birth dates were private information that should only be disclosed voluntarily by the teachers. The trial court then weighed the teachers' interest in privacy and confidentiality against KPNX's need for access to the records. The trial court ruled that because the teachers' privacy interests were not outweighed by KPNX's speculative purpose for requesting the information, the Districts were not required to disclose the birth dates under the Public Records Law.

KPNX timely filed this appeal from the trial court's ruling. We have jurisdiction over this appeal pursuant to A.R.S. section 12–2101(B).

## DISCUSSION

The issue presented by this appeal is:

Did the trial court err as a matter of law by ruling the public school districts were not required to disclose the birth dates of every full-time and substitute teacher in their employ pursuant to the Public Records Law?

mation concerning a teacher, other than the teacher's dates of employment, without written authorization from the teacher; others state they have a mutual understanding or "relationship of trust" with their teachers which prevents them from disclosing the birth dates; still others have provisions in their collective bargaining agreements requiring that the birth dates be kept confidential.

## I. The Presumption of Disclosure

 The Public Records Law "evince[s] a clear policy favoring disclosure." *Carlson v. Pima County*, 141 Ariz. 487, 490, 687 P.2d 1242, 1245 (1984). Public records are presumed open to the public for inspection. *Cox Arizona Publications v. Collins*, 175 Ariz. 11, 14, 852 P.2d 1194, 1198 (1993); *Star Publishing Co. v. Pima County Attorney's Office*, 181 Ariz. 432, 434, 891 P.2d 899, 901 (App. 1994). The objective of A.R.S. section 39–121 "is to broadly define those records which are open to the public for inspection...." *Id.* The Public Records Law was enacted to allow disclosure and limit secrecy, and "to provide the public with 'knowledge' of all of the activities of a public officer and of the manner in which he conducts his office and performs his duty." *Carlson*, 141 Ariz. at 491, 687 P.2d at 1246. Whether the denial of access to public records is wrongful is an issue of law we review *de novo*. *KPNX–TV v. Superior Court in and for County of Yuma*, 183 Ariz. 589, 592, 905 P.2d 598, 601 (App.1995).

Despite this presumption of disclosure, however, the availability of records for inspection by the public is qualified. The Arizona Supreme Court has recognized that although public records are presumed open,

> [the] law also recognizes that an unlimited right of ... inspection might lead to substantial and irreparable private or public harm; thus, where the countervailing interests of confidentiality, privacy or the best interests of the state should be appropriately invoked to prevent inspection, we hold the officer or custodian may refuse inspection. Such discretionary refusal is subject to judicial scrutiny.

*Arizona Board of Regents v. Phoenix Newspapers, Inc.*, 167 Ariz. 254, 257, 806 P.2d 348, 351 (1991) (citing *Carlson*, 141 Ariz. at 491, 687 P.2d at 1246).

Numerous statutory exceptions to the policy of openness illustrate these limitations. *See Carlson*, 141 Ariz. at 490, 687 P.2d at 1245. For example, adoption records, consumer fraud investigation records, and department of health services records, to name a few, are all exempt from disclosure. *Id.* (discussing A.R.S. §§ 8–120; 8–121; 44–1525;

36–105; 36–136(G); 36–340; 36–509; 36–714(B)(1) respectively).

 Arizona has adopted the elements set forth in the Restatement (Second) of Torts section 652A *et seq.* (1971) for a privacy claim based on public disclosure of private facts. *Rutledge v. Phoenix Newspapers, Inc.*, 148 Ariz. 555, 558 n. 3, 715 P.2d 1243, 1246 n. 3 (App.1986). However we have determined that the Restatement test does not apply because the facts sought here are public facts from public records. KPNX argues that the Freedom of Information Act, 5 U.S.C. section 552 ("FOIA"), test applies. When Arizona law does not directly address an issue regarding disclosure of public records, Arizona courts look to FOIA for guidance. *See, e.g., Salt River Pima–Maricopa Indian Community v. Rogers, Inc.*, 168 Ariz. 531, 540–41, 815 P.2d 900, 909–10 (1991) (citing *Church of Scientology v. Phoenix Police Dep't.*, 122 Ariz. 338, 340, 594 P.2d 1034, 1036 (App.1979)). Upon review of the law, we have determined that neither FOIA nor Arizona Law provides that disclosure of teachers' birth dates to KPNX constitutes a clearly unwarranted invasion of privacy. *See, e.g., United States Dep't of State v. The Washington Post, Co.*, 456 U.S. 595, 596, 600, 102 S.Ct. 1957, 1958–59, 1960–61, 72 L.Ed.2d 358 (1982) (citations omitted) (The purpose of FOIA is to prevent disclosure of files containing "intimate details" and "highly personal" information, which would constitute a "clearly unwarranted invasion of privacy.")

The common law limitations to the presumption of disclosure of open records are embodied in the balancing scheme first enunciated in *Mathews v. Pyle*, 75 Ariz. 76, 251 P.2d 893 (1952). These limitations are

> ... based on the conflict between the public's right to openness in government, and important public policy considerations relating to protection of either the confidentiality of information, privacy of persons or a concern about disclosure detrimental to the best interests of the state. This has been the general basis for the common law rule.

*Carlson*, 141 Ariz. at 490, 687 P.2d at 1245. Public records presumptively must be dis-

closed. We now discuss the application of this presumption to the specific request by KPNX.

### A. The Birth Dates.

KPNX requested from the Districts the names and birth dates of every full-time and substitute teacher on their payrolls. The 25 Districts named in this action employ approximately 10,000 teachers. Neither KPNX nor the Districts dispute that the birth dates constitute public records; the Districts merely argue the birth dates should not be subject to disclosure under A.R.S. section 39–121.

The Districts make two major arguments against disclosure. First, the Districts argue this information is private because it is contained in confidential personnel files and databases with restricted access which are used internally to administer employee benefits. The Districts obtain the teachers' birth dates under a promise of confidentiality after the teachers have been hired, and they use this information solely to administer retirement plans, health insurance, and medical benefits. The birth dates are available only to a limited group of designated District personnel. Therefore, the Districts argue, disclosure of the teachers' birth dates would result in an unwarranted invasion of privacy because KPNX would have access to the teachers' personal information.

■ The law in Arizona is that "[t]he promise of confidentiality standing alone is not sufficient to preclude disclosure." *Moorehead v. Arnold,* 130 Ariz. 503, 505, 637 P.2d 305, 307 (App.1981). As we said in *Moorehead,* if the promise of confidentiality were to end our inquiry, we would be allowing a school district official to eliminate the public's right under Arizona's Public Records Law. We cannot allow a school district to exempt public records from disclosure simply by promising confidentiality. *See Guard Publishing Co. v. Lane County School Dist. No. 4J,* 310 Or. 32, 39, 791 P.2d 854, 858 (1990). Therefore, the school districts' confidentiality agreements do not override the statutory duty of disclosure.

■ The second argument the Districts make is that if the birth dates are released, outside parties will be able to obtain otherwise confidential information about the teachers by accessing various computer databases. For example, some teachers' prior criminal history would be publicized, though this criminal history is irrelevant for the purposes of the KPNX investigation.[4] The release of this information, the Districts conclude, implicates the teachers' constitutional privacy interests because disclosure would represent a significant intrusion into their private affairs.

In response to the Districts' arguments, KPNX points out that birth dates are not truly private, as they can already be determined from other public documents, such as voter registration records,[5] misdemeanor traffic tickets, trial court criminal records and hearing schedules, police reports, booking slips, real property liens filed with the county recorder, and credit reports. We agree that the availability of dates of birth from other public sources defeats the Districts' argument that teachers have a privacy interest in their birth dates as recorded in school records.

---

4. The Districts, in a letter to KPNX, stated that KPNX must identify the legitimate "public interest" to be served by disclosing the birth dates. In a reply letter, KPNX stated its purpose was to use the birth dates to identify teachers with a prior criminal history, in order to protect school children from sex offenders. KPNX planned to inform parents and school administrators of the results of the search. On appeal, KPNX also points out that a search of one teacher's criminal history conducted prior to its public records request *identified* a registered sex offender who had been caught masturbating in a room full of children.

The Districts objected to what they essentially perceived as a witch hunt. We note, however, that the legal presumption of disclosure places no burden on KPNX with respect to elucidating its reasons for requesting the birth dates. KPNX was *not* required to identify any "public interest" to be served by the disclosure in order for the records to be released. We do not, therefore, inquire into the merits of KPNX's use of the birth date information requested here.

5. Birth dates are obtainable from voter registration records, which are public information and subject to disclosure under the Public Records Law. *See generally, Phoenix Newspapers, Inc. v. Purcell,* 187 Ariz. 74, 927 P.2d 340 (App.1996).

## B. The Inapplicability of the *Mathews* Balancing Test.

■ The trial court balanced the teachers' privacy rights against KPNX's need for access to the birth dates, in accordance with *Carlson*. The trial court, however, erred by applying this balancing test under the circumstances presented in this case. The information KPNX seeks is not confidential or private because it may be obtained through the inspection of other public records. Thus, the countervailing interests of confidentiality, privacy, and the best interests of the state are not implicated. We therefore hold, as a matter of law, that the birth dates contained in the Districts' personnel files and internal databases are public records under Arizona's Public Records Law, and therefore should have been disclosed upon request.

The Districts point to Arizona's Administrative Code ("A.A.C.") R2–5–105(D), which restricts public access to information contained in state personnel records. Although the rule permits only certain information from a state employee's personnel record to be disclosed to the public, an employee's birth date is not included in that list. This suggests, according to the Districts, that we should similarly treat birth dates as inaccessible under the Public Records Law. We disagree. Whatever policy reasons may underlie the disclosure provisions of R2–5–105(D), the fact remains that teacher birth date information is widely available from other public records, and it is therefore not subject to protection as private information under the Public Records Law. We must therefore conclude the legislature intended that the Districts make all necessary efforts to comply with the disclosure requirements of the Public Records Law.

We do not decide, because the issue was not presented, whether in order to comply with KPNX's request, Districts may have to specially compile lists of the birth dates, or redact confidential or private information from database printouts containing birth date information.[6] Similarly, we do not decide, because the question was not presented, who

bears any financial cost of any necessary compilation of lists and redacting of private information from the database printouts. *But see Phoenix Newspapers, Inc. v. Purcell*, 187 Ariz. 74, 927 P.2d 340 (App.1996) (approving reasonable user fees to underwrite the expenses for compilations of voter registration lists). Under A.R.S. section 39–121.03, agencies can charge a portion of the cost to the state for obtaining copies of printouts and a reasonable fee for the cost of time, equipment, and personnel in producing such reproduction.

## II. Attorneys' Fees

■ Attorneys' fees may be awarded where access to public records is denied if two requirements are met. First, the entity requesting access to the records must be entitled to them, and access must have been wrongfully denied; second, the custodian of records must have acted "in bad faith or in an arbitrary or capricious manner" by withholding access to the records. *Cox*, 175 Ariz. at 14, 852 P.2d at 1198.

■ Here, although KPNX was entitled to the birth dates and access was wrongfully denied, the record does not support a finding of bad faith on the part of the Districts; nor can we say the Districts acted arbitrarily or capriciously by withholding access to the teachers' birth dates. The Districts complied with KPNX's request to the extent that they supplied KPNX with the teachers' names and other non-disputed information. As a compromise, the Districts also offered to provide KPNX with the birth dates of specific teachers.

We also note that the Districts were acting in the face of strenuous objections to the release of this information by the teachers and the teacher unions. In attempting to comply with KPNX's requests, the Districts acted with a good faith, though mistaken, belief in the confidentiality of the birth dates.

## CONCLUSION

For the reasons above, we reverse the ruling of the trial court and remand with

---

6. In most of the affidavits submitted by the Districts, the Districts state they are able to delete information from their computer printouts (which contain the teachers' birth dates), and that they have routinely done so when necessary.

instructions to order the release of the birth dates consistent with this opinion. KPNX has requested attorneys' fees and costs for this appeal under both A.R.S. sections 39.121.02(B) and 12–2030. A.R.S. section 12–2030 provides that fees "shall" be awarded. The Districts also requested attorneys' fees on appeal pursuant to A.R.S. section 12–341.01(C).

A.R.S. section 12–2030 is a statute governing mandamus actions against political subdivisions. This statute does not apply because this is not a mandamus action. A.R.S. section 39–121.02(B) is a statute expressly governing fees for denial of access to public records. Fees under A.R.S. 39–121.02(B) require bad faith or arbitrary and capricious withholding—all of which we have determined were absent here. Finally, this statute is more specific than the mandamus fees statute. The more specific statute governs over a more general statute. For these reasons, we hold that A.R.S. section 39–121.02(B) controls in this case. Accordingly, we deny KPNX's request for fees.

FIDEL and GARBARINO, JJ., concur.