955 P.2d 534

**SCOTTSDALE UNIFIED SCHOOL DISTRICT NO. 48 OF MARICOPA COUNTY, Arizona; Avondale Elementary School District No. 44 of Maricopa County, Arizona; Balsz Elementary School District No. 31 of Maricopa County, Arizona; Creighton Elementary School District No. 14 of Maricopa County, Arizona; Dysart Unified School District No. 89 of Maricopa County, Arizona; Glendale Elementary School District No. 40 of Maricopa County, Arizona; Mobile Elementary School District No. 96 of Maricopa County, Arizona; Pendergast Elementary School District No. 92 of Maricopa County, Arizona; Tolleson Union High School District No. 214 of Maricopa County, Arizona; Tempe Elementary School District No. 3 of Maricopa County, Arizona; Gilbert Public Schools of Maricopa County, Arizona; Liberty Elementary School District No. 25 of Maricopa County, Arizona; Peoria Unified School District No. 11 of Maricopa County, Arizona; Paradise Valley Unified School District No. 69 of Maricopa County, Arizona; Mesa Unified School District No. 4 of Maricopa County, Arizona; Phoenix Union High School District No. 210 of Maricopa County, Arizona; Osborn Elementary District No. 8 of Maricopa County, Arizona; Isaac Elementary School District No. 5 of Maricopa County, Ari-**

zona; Kyrene Elementary School District No. 28 of Maricopa County, Arizona; Alhambra Elementary School District No. 68 of Maricopa County, Arizona; Cartwright Elementary School District No. 83 of Maricopa County, Arizona; Cave Creek Unified School District No. 93 of Maricopa County, Arizona; Chandler Unified School District No. 80 of Maricopa County, Arizona; Glendale Union High School District No. 205 of Maricopa County, Arizona; and Roosevelt Elementary School District No. 66 of Maricopa County, Arizona, Plaintiffs, Counterdefendants–Appellees,

v.

KPNX BROADCASTING COMPANY, an Arizona corporation; KPNX Broadcasting Company, a wholly owned subsidiary of Gannett Broadcasting Company, a division of Gannett Company, Inc., a Delaware corporation; and Kim Stafford, an individual, Defendants, Counterclaimants–Appellants.

No. CV–97–0112–PR.

Supreme Court of Arizona,
En Banc.

March 20, 1998.

Jennings, Strouss & Salmon, P.L.C. by Gary L. Lassen, Gordon Lewis, Phoenix , and Quarles & Brady, by Charles W. Herf and Jennifer N. MacLennan, Phoenix, for Plaintiffs, Counterdefendants–Appellees.

Brown & Bain, P.A. by Daniel C. Barr and Cheryl L. Nackino, Phoenix, for Defendants–Counterclaimants–Appellants.

## OPINION

MOELLER, Justice.

### STATEMENT OF THE CASE

¶ 1  KPNX Broadcasting Co. and one of its reporters, Kim Stafford, ("defendants") requested the twenty-five school districts involved in this case ("plaintiffs") to provide them with the birth dates of all active and substitute public school teachers in the districts. The districts declined to provide the birth dates and, instead, filed a declaratory judgment action in superior court. The court held that, on the facts of this case, the teachers' privacy interests in their birth dates outweighed the public interest in disclosure. On appeal, the court of appeals held that the teachers had no privacy interests in their birth dates because the birth dates

were available from other sources. We granted review and conclude that the trial court's judgment was correct.

### FACTS AND PROCEDURAL HISTORY

¶ 2  In October 1994, defendants received a tip that a substitute school teacher in a Maricopa County school district was caught masturbating in a classroom full of children. Upon further investigation, defendants learned that this substitute teacher was a registered sex offender.

¶ 3  In November, defendants sent letters to all Maricopa County school districts requesting the names, addresses, places of employment, and birth dates of all teachers, pursuant to Arizona Revised Statutes ("A.R.S.") §§ 39–121 to 39–124 ("Public Records Law"). Defendants sought to use this information to conduct criminal background checks on all Maricopa County teachers.

¶ 4  Plaintiffs released the names of all teachers in their twenty-five districts, along with each teacher's place of employment and business address but refused to disclose the teachers' home addresses and birthdates based on confidentiality and privacy grounds. Defendants dropped their request for home addresses and pursued only the release of the birth dates.

¶ 5  Plaintiffs filed a complaint in superior court seeking a judicial declaration that the Public Records Law did not require disclosure of their teachers' birth dates. The trial court conducted a balancing test, pursuant to *Carlson v. Pima County*, 141 Ariz. 487, 687 P.2d 1242 (1984), weighing the teachers' confidentiality and privacy rights against defendants' public purpose.

¶ 6  The trial court found that:

1) birth dates, like social security numbers, are private information and provide significant identifying information allowing access to extensive personal data in a computerized society;

2) disclosure of birth dates is offensive although it may be available from other public sources;

3) there is a difference in the release of the teachers' birth dates through other

public sources and compelling the plaintiffs to release the teachers' birth dates, which were given with an expectation of privacy;

4) the teachers' expectation of privacy in their birth dates is evidenced by the fact that they only give them to obtain medical benefits and retirement plans, and some school districts have teacher personnel policy agreements which require written authorization by the teacher before release of most information;

5) "[w]hile the fact that birthdate information is available from other public sources may reduce the expectation of privacy, it is not dispositive";

6) "the fact that birthdate information may be obtained elsewhere actually reduces the public need for the disclosure of the information by the school districts";

7) defendants did not have any basis to believe that any misconduct had occurred;

8) the Arizona Department of Education and plaintiffs already do what defendants propose to do, i.e., run criminal background checks on teachers;

9) the release of birth dates would "constitute an unwarranted invasion of personal privacy"; and

10) the "teachers' privacy interests far outweigh the speculative public purpose proffered" by defendants.

¶ 7 Defendants appealed. The court of appeals held that the teachers' birth dates are neither private nor confidential because they "may be obtained through the inspection of other public records." *Scottsdale Unified Sch. Dist. v. KPNX Broad. Co.*, 188 Ariz. 499, 505, 937 P.2d 689, 695 (App.1997). Because of this finding, the court held that the *Carlson* balancing test was inapplicable. The court of appeals ordered the release of the birth dates. Plaintiffs petitioned us to review the court of appeals' opinion. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), Ariz. R. Civ.App. P. 23, and A.R.S. § 12–120.24.

## ISSUE PRESENTED

¶ 8 We granted review on the following issue:

Does the potential of obtaining personal information through other public sources eliminate the need for a court to balance a public employee's legitimate privacy interests against the public's need for disclosure?

## DISCUSSION

I. Issue

■ ¶ 9 The issue presented by the court of appeals' opinion is purely a question of law and we thus review it *de novo. See, e.g., Transportation Ins. Co. v. Bruining*, 186 Ariz. 224, 226, 921 P.2d 24, 26 (1996). Under Arizona's Public Records Law, "public records and other matters ... shall be open to inspection by any person." A.R.S. § 39–121. There are many statutory exceptions to this public right of inspection. *See, e.g.*, A.R.S. §§ 8–120 and 8–121 (adoption records), § 39–123 (home address and home telephone number of peace officer), and § 44–1525 (information and evidence of consumer fraud investigation conducted by State Attorney General). This public right of inspection may also be curtailed in the interest of "confidentiality, privacy, or the best interests of the state." *Carlson*, 141 Ariz. at 490, 687 P.2d at 1245. If these interests outweigh the public's right of inspection, the State can properly refuse inspection. *See id.* The State has the burden of overcoming "the legal presumption favoring disclosure." *Cox Arizona Publications, Inc. v. Collins*, 175 Ariz. 11, 14, 852 P.2d 1194, 1198 (1993) (citing *Mitchell v. Superior Court*, 142 Ariz. 332, 335, 690 P.2d 51, 54 (1984)).

■ ¶ 10 In this case, the court of appeals held that there was no reason to apply the *Carlson* balancing test because, as a matter of law, the teachers did not have a confidentiality or privacy interest in their birth dates because those birth dates were available from other public sources. *See Scottsdale Unified*, 188 Ariz. at 505, 937 P.2d at 695. The question of whether under the Public Records Law a person loses a privacy interest in information because the same information may be available from other public sources is a question of first impression in Arizona. We therefore turn for guidance to

federal cases that have addressed the analogous question under 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"). *See Salt River Pima–Maricopa Indian Community v. Rogers,* 168 Ariz. 531, 540–41, 815 P.2d 900, 909–10 (1991).

¶ 11   The Supreme Court of the United States has stated that "[i]n an organized society, there are few facts that are not at one time or another divulged to another." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 763, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989) (footnote omitted). The Court has held that "[a]n individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form." *United States Dep't of Defense v. Federal Labor Relations Auth.,* 510 U.S. 487, 500, 114 S.Ct. 1006, 1015, 127 L.Ed.2d 325 (1994); *see also Reporters Comm.,* 489 U.S. at 762–63, 109 S.Ct. at 1476.

¶ 12   We agree with and adopt the analysis by the Supreme Court for use by Arizona courts in cases arising under our own Public Records Law. Reasonable people do not expect that their privacy interest in information disappears merely because that information may be available through some public source. In other words, although X may be able to obtain private or confidential information about Y from a public source, X cannot require everyone subject to the Public Records Law to divulge that information simply because it is otherwise obtainable. We conclude that the court of appeals erred when it held, as a matter of law, that a person's privacy interest in information is eliminated simply because that information may be available from some other public source.

## II.   Other Issues on Appeal

¶ 13   Because the court of appeals held that the teachers lost any claim of confidentiality because their birth dates are available from other sources, it did not clearly address whether birth dates might otherwise be considered private or confidential information under the Public Records Law. For the same reason, it also did not review the *Carl-son* balancing test applied by the trial court. The districts recognized that if they prevailed on the issue presented in the petition for review, those issues would have to be addressed. Accordingly, the districts preserved those issues, which were fully briefed in the court of appeals. *See* current Rule 23(c)(1), Rules of Civil Appellate Procedure. While we could now remand this case to the court of appeals as the special concurrence suggests, considerations of judicial economy persuade us not to do so, but to resolve the case here. *See* Ariz. R. Civ.App. P. 23(i)(3).

## A.   Privacy Interest in Birth Dates

■   ¶ 14   Whether a person's birth date may be subject to a privacy claim is a question of first impression in Arizona. We again look for guidance to federal cases construing the FOIA. Although we have never defined the meaning of privacy under the Public Records Law, the Supreme Court, interpreting the FOIA, has stated that information is "private if it is intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public." *Reporters Comm.,* 489 U.S. at 763–64, 109 S.Ct. at 1477 (footnote omitted) (internal quotations omitted). The Court has also stated that the privacy interest encompasses "the individual's control of information concerning his or her person." *Id.* at 763, 109 S.Ct. at 1476.

¶ 15   One federal case directly addresses the issue of whether birth dates are private or confidential information. In *Oliva v. United States,* the court held that disclosure of birth dates and social security numbers would violate the FOIA as it "would constitute a clearly unwarranted invasion of personal privacy." 756 F.Supp. 105, 107 (E.D.N.Y.1991) (citation omitted). It found that "social security numbers, and *dates of birth,* are a private matter." *Id.* (emphasis added).

¶ 16   The Supreme Court's definition of privacy in this context, along with *Oliva,* demonstrates that birth dates are in fact private information. Birth dates are information usually restricted to a class of persons, typically family members and friends. The only instance when one divulges this

information occurs in the business or workplace context where the information is a prerequisite for certain benefits, such as employee retirement and benefits calculations, the purchase of health or automobile insurance, credit application, etc. The public availability of birth dates does not negate privacy interests. All it means is that there are some temporary or specific situations where we willingly waive that interest.[1]

¶ 17 The trial court found that the teachers had an expectation of privacy in their birth dates, evidenced by agreements between the teachers and plaintiffs which required permission to release this information. The record amply demonstrates a variety of legitimate reasons why the teachers desired to protect their birth dates from release. Moreover, Arizona Administrative Code § R2–5–105(D) specifically enumerates the employee information that the State of Arizona will release upon a Public Records Law request. That list does not include birth dates. The trial court likened birth dates to social security numbers, which the FOIA protects from disclosure. Like social security numbers, birth dates may be used to gather great amounts of private information about individuals.[2]

¶ 18 With both a name and birth date, one can obtain information about an individual's criminal record, arrest record (which may not include disposition of the charges), driving record, state of origin, political party affiliation, social security number, current and past addresses, civil litigation record, liens, property owned, credit history, financial accounts, and, quite possibly, information concerning an individual's complete medical and military histories, and insurance and investment portfolio.

¶ 19 Based on the foregoing, we conclude that a person, including a public school teacher, has a privacy interest in his or her birth date. The question then becomes whether that interest is sufficient in a given case to outweigh disclosure, which is presumptively required where public records are concerned.

**B. Trial Court's Application of Balancing Test**

■ ¶ 20 The trial court appropriately conducted the balancing test pursuant to *Carlson,* 141 Ariz. at 490–91, 687 P.2d at 1245–46. In reviewing the trial court's findings of fact, we apply two different standards of review. We will uphold its findings of fact unless clearly erroneous. *See Arizona Bd. of Regents v. Phoenix Newspapers, Inc.,* 167 Ariz. 254, 257, 806 P.2d 348, 351 (1991). We are, however, free to draw our own conclusions of law from these facts. *Id.* Thus, whether plaintiffs wrongfully denied defendants access to public records "is an issue of law which we review de novo." *Cox Arizona Publications,* 175 Ariz. at 14, 852 P.2d at 1198 (citation omitted).

■ ¶ 21 None of the trial court's findings of fact set forth earlier are clearly erroneous. However, one finding of fact made by the trial court is irrelevant to the balancing test: namely, that the Arizona Department of Education and plaintiffs already conduct criminal background checks on teachers. The purpose of the Public Records Law, like the FOIA, is "to open agency action to the light of public scrutiny." *Department of Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976) (citation omitted) (internal quotations omitted); *see also Phoenix Newspapers, Inc. v. Purcell,* 187 Ariz. 74, 81, 927 P.2d 340, 347 (App.1996) (it is well-settled that Arizona evinces a general "open access" policy toward public records). The Public Records Law exists to

---

1. These may include voter registration records (as proof of age) and credit reports (which obtain birth dates from credit applications).

2. Defendants point out that social security numbers are protected by a federal statute and thus differ from birth dates. *See* 42 U.S.C. § 405(c)(2)(C)(viii)(I). However, this only applies to those social security numbers that are "obtained or maintained by authorized persons pursuant to any provision of law enacted on or after October 1, 1990." *Id.* Social security numbers held by the federal government that do not meet the above criteria have been protected from disclosure by case law. *See, e.g., IBEW Local Union No. 5 v. United States Dep't of Hous. & Urban Dev.,* 852 F.2d 87, 89 (3d Cir.1988), *modified on other grounds sub nom. Sheet Metal Workers Int'l Ass'n v. United States Dep't of Veterans Affairs,* 135 F.3d 891, 1998 WL 47645 (3rd Cir.1998); *Oliva,* 756 F.Supp. at 107.

allow citizens "to be informed about what their government is up to." *Reporters Comm.*, 489 U.S. at 773, 109 S.Ct. at 1481 (citation omitted) (internal quotations omitted). Given this purpose, "the public interest in disclosure is not diminished by the possibility or even the probability that [the agency] is doing its [ ] job right." *Washington Post Co. v. United States Dep't of Health & Human Serv.*, 690 F.2d 252, 264 (D.C.Cir. 1982) (footnote omitted).

¶ 22 With regard to the public interest asserted by defendants, we note that if given the birth dates, defendants plan to run criminal background checks on the teachers to see if any of them have criminal records. Clearly, the public has an interest in knowing whether the districts employ teachers with criminal records who might pose a threat to public school children.

¶ 23 The trial court found that defendants have no reason to believe that any of the thousands of teachers involved in this case have been involved in inappropriate behavior. Defendants correctly point out that they did discover misconduct by a teacher who is a registered sex offender. Perhaps there are others, but defendants have produced no evidence or even a tip about any specific individual. Defendants, of course, are not required to prove that there are teachers that pose a threat to public school children. But when defendants are unable to provide any basis at all for believing that such a teacher might exist among the thousands of individuals whose legitimate expectations of privacy are sought to be invaded, the public interest in disclosure is at best speculative.

¶ 24 While the teachers' expectation of privacy may be diminished because the information is available elsewhere, the trial court also found that the availability of the birth dates through other avenues reduces the need for public disclosure. Federal cases construing the FOIA have so held. *See Dobronski v. FCC*, 17 F.3d 275 (9th Cir.1994); *Multnomah County Med. Soc'y v. Scott*, 825

F.2d 1410 (9th Cir.1987). Under this component to the balancing test, the public interest increases when there is no other available way to obtain the information and correspondingly decreases when "alternative means" of receiving the information exist.[3] *See, e.g., Dobronski*, 17 F.3d at 280; *Multnomah County Med. Soc'y*, 825 F.2d at 1416. Because defendants do not dispute that the information sought is otherwise available to them, the need for public disclosure is reduced.

¶ 25 From the facts presented, the minimal public interest shown by defendants does not override the privacy interest of the teachers. On the facts of this case, plaintiffs correctly withheld the teachers' birth dates from defendants and the trial court correctly sustained that action.

## CONCLUSION

¶ 26 The opinion of the court of appeals is vacated and the judgment of the trial court is affirmed. Because defendants are not prevailing parties, their request for attorneys' fees is denied.

ZLAKET, C.J., and FELDMAN, J., and JOSEPH W. HOWARD, Judge, concur.

CHARLES E. JONES, V.C.J., recused himself in this matter. Pursuant to Art. 6, Section 3 of the Arizona Constitution, JOSEPH W. HOWARD, Judge, Arizona Court of Appeals, Division Two, was designated to sit in his stead.

MARTONE, Justice, concurring and dissenting in part.

¶ 27 We granted review on the single issue of whether the *Carlson* balancing test applies even when the information is available through other public sources. The court of appeals held that it did not apply, and we are of the unanimous view that it does. To that extent, I join in part I of the court's opinion.

¶ 28 Because the court of appeals held that the *Carlson* balancing test did not apply,

---

**3.** The availability of the information elsewhere, however, does not affect the question of whether the information is private.

it did not review the balancing performed by the trial court. I would remand to the court of appeals so that it can decide this issue in the first instance. Since we only granted review on whether *Carlson* ought to apply at all, the balancing was not at issue here. Instead of remanding, this court chooses to review the trial court's balancing on its own. While we have the authority to do that, the issue is complex enough that we would profit from its examination by the court of appeals. On subsequent petition for review, the parties could focus our attention on the balancing issue. My concerns with the majority's current approach are many.

1. While the federal Freedom of Information Act can be helpful in other contexts, it is not that helpful in deciding whether a birth date raises privacy interests sufficient to overcome the presumption of open records. Freedom of Information Act cases concerning invasions of privacy arise under an exemption, 5 U.S.C. § 552(b)(6), that does not exist under the Arizona statute. It would be well to focus the parties' attention on this distinction.

2. In *Cox Arizona Publications, Inc. v. Collins,* 175 Ariz. 11, 852 P.2d 1194 (1993), we rather strongly held that once records are characterized as public, there is a presumption of disclosure and the burden of overcoming that presumption falls upon the public official who seeks to block access. *Id.* at 14, 852 P.2d at 1197. But here, the court says that because KPNX gave no basis for its suspicion, the public interest in disclosure is speculative. *Ante,* at ¶ 23. The result is that we here give greater protection to birth dates than we gave to police reports in *Collins.* I would like the parties to explain this result.

3. The weighing here is not easy. There are substantial interests on both sides of the question, and if they are evenly weighted, the legal presumption in favor of disclosure of public records might make a difference. In light of the closeness of the question, I would much prefer to decide this issue when the parties have focused on it following a decision by the court of appeals.

¶ 29 I would thus remand to the court of appeals for initial resolution of this issue.