Ms. Tjuana C. Byrd Assistant City Attorney City of North Little Rock 300 Main Street Post Office Box 5757 North Little Rock, Arkansas 72119
Dear Ms. Byrd:
I am writing in response to your request, presumably made under A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your decision to release certain personnel records of a former police officer, with several redactions, and to withhold certain employee evaluation records, is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to-109 (Repl. 2002 and Supp. 2005). You have enclosed several records for my review, some of which are properly classified as "personnel records," and some of which are properly classified as "employee evaluation and job performance records" for purposes of the FOIA. You have redacted certain specific information from the personnel records and have made notations on the employee evaluation records indicating that these documents should be withheld entirely. You seek "an opinion regarding the redactions." My duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the decision of the custodian with regard to release of the records is "consistent with" the FOIA. I assume that you are acting on behalf of the custodian of records.
RESPONSE
In my opinion your decision as to the release of the records with the noted redactions is consistent with the FOIA with three exceptions. In my opinion the *Page 2 
custodian is required to redact the home address, home telephone number and date of birth of the former police officer in addition to the other redactions made to the personnel records. These three items of redactions are not currently made in the records you have enclosed.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Given that the subject of the record is a former city employee, I believe documents containing the requested information clearly qualify as "public records" under this definition. See also, Op. Att'y Gen.2006-182 (stating that the act applies to records of a former police officer).
As my predecessor noted in Op. Att'y Gen. 2005-057, "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."
The most notable exemptions for our purposes include: 1) the exemption for home addresses of certain public employees; 2) the exemption for "personnel records," which are generally open to public inspection and copying, except to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy" (A.C.A. § 25-19-105(b)(12) (Supp. 2005)); and 3) the exemption for "employee evaluation or job performance records," which are not open to public inspection and copying unless the following requirements have been met: (A) a *Page 3 
final administrative resolution of any suspension or termination proceeding; (B) where the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (C) a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1) (Supp. 2005).
With regard to home addresses, a 2003 amendment to the FOIA exempts from disclosure "Home addresses of . . . nonelected municipal employees . . . contained in employer records. . . ." See A.C.A. § 25-19-105(b)(13) (Supp. 2005), as added by Acts 2003, No. 213. In my opinion, therefore, you must redact the home address of the former police officer from the personnel records.
Additionally, my predecessors have repeatedly opined, and I agree, that the home telephone numbers of police officers are properly redacted under the FOIA exemption for "personnel records to the extent that release would constitute a clearly unwarranted invasion of personal privacy." Ops. Att'y Gen. 2006-142; 2005-202; 2003-115; 2002-087 and 2001-080, applying A.C.A. § 25-19-105(b)(12) (Supp. 2005). You must therefore redact this information from the personnel records you have enclosed for my review.
Finally, recent opinions of this office conclude that the dates of birth of police officers are properly redacted from personnel records of those officers under A.C.A. § 25-19-105(b)(12) as a "clearly unwarranted invasion of personal privacy." See, e.g., Op. Att'y Gen. 2006-182 and 2005-160. See also, Ops. Att'y Gen. 2006-225; 2006-165; and 2006-048 (concluding that dates of birth should be redacted as to other types of employees). Although earlier opinions of the Attorney General generally upheld the release of birthdates of public employees (see, e.g., Ops. Att'y Gen. 2005-004; 2000-306; and 95-080), relatively recent case law from other jurisdictions supports the redaction of this information under similarly-worded exemptions. See, e.g., Data Tree LLC., v Meek,279 Kan. 445, 109 P.2d 1226 (2005) (social security numbers, mother's maiden names and dates of birth were properly redacted from county register of deeds records as "information of a personal nature where the disclosure would constitute an unwarranted invasion of personal privacy"); Scottsdale Unified School District No. 48 of Maricopa Countyv. KPNX Broadcasting Company, 191 Ariz. 297, 955 P.2d 534 (1998) (teachers' birthdates, even though they might be available from other public sources, are private in nature, and the public interest in disclosure did not outweigh the teachers' privacy interests under the common law balancing test *Page 4 
for private information); and Oliva v. United States, 756 F. Supp. 105
(E.D. N.Y. 1991) (release of social security numbers and birthdates of homeowners on mortgage insurance list would be an "unwarranted invasion of personal privacy" under the federal FOIA exemption). The Kansas and Arizona cases stressed the ability of requesters, in an increasingly electronic age, to use birth dates to access additional personal data of individuals. See Data Tree, supra (stating that "[a]n individual's social security number, date of birth, and mother's maiden name are often used as identifiers for financial accounts or for obtaining access to electronic commerce); and Scottsdale Unified School District,supra (upholding the trial court's finding that "birth dates, like social security numbers, are private information and provide significant identifying information allowing access to extensive personal data in a computerized society" and stating that "[l]ike social security numbers, birth dates may be used to gather great amounts of private information about individuals").
The Arkansas Supreme court has stated, under the applicable balancing test for the release of "personnel records," that if there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998). The court has also made clear that the privacy balancing test must be undertaken with reference to the particular facts in light of the unique circumstances attending the specific records in question. Id. Seealso, Ops. Att'y Gen. 2006-092 and 2005-133. In my opinion, although there may be a legitimate public interest in some instances in the age of particular public employees, it appears that the actual month and day of a public employee's birth would not in most cases be necessary to satisfy this interest. In addition, I cannot conclude, without more, that any measurable public interest attaches to the birth date of a former
employee of the City, as in this case. As a consequence, in my opinion, the former police officer's date of birth should be redacted prior to release of the personnel records at issue.
In my opinion therefore, your decision to release the personnel records is generally consistent with the FOIA, but the additional redactions noted above are necessary in order to comply fully with the Act.
With regard to employee evaluation records, you have decided to withhold the particular evaluation records enclosed for my review on the basis that they are unrelated to any decision to suspend or terminate the employee. In my opinion this decision is consistent with the FOIA under the applicable test set out above for *Page 5 
the release of such records. In order to meet the test for release of employee evaluation or job performance records, the records must have "formed a basis" for the suspension or termination of the employee.See, e.g., Ops. Att'y Gen. 2006-147; 97-189; and 95-131. That criterion has not been met in this instance and these records are therefore not subject to disclosure.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General