IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

―――――――――――――――――

SANTA CRUZ COUNTY, A PUBLIC BODY; AND
ALMA SCHULTZ, IN HER OFFICIAL CAPACITY AS SANTA CRUZ COUNTY
ELECTIONS DIRECTOR,
*Plaintiffs/Appellants/Cross-Appellees,*

*v.*

AUDIT USA, A 501(C)(3) ORGANIZATION; AND JOHN R. BRAKEY,
A NATURAL PERSON, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND
CO-FOUNDER OF AUDIT USA,
*Defendants/Appellees/Cross-Appellants.*

No. 2 CA-CV 2024-0328
Filed October 20, 2025

―――――――――――――――――

Appeal from the Superior Court in Pima County
No. C20223426
The Honorable Casey F. McGinley, Judge

**AFFIRMED**

―――――――――――――――――

COUNSEL

Pierce Coleman PLLC, Scottsdale
By Justin S. Pierce and Christina Estes-Werther
*Counsel for Plaintiffs/Appellants/Cross-Appellees*


Risner & Graham, Tucson
By William J. Risner
*Counsel for Defendants/Appellees/Cross-Appellants*

---

**OPINION**

---

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Brearcliffe and Chief Judge Staring concurred.

---

E C K E R S T R O M, Judge:

**¶1** Santa Cruz County and Alma Schultz (collectively "the County") appeal from the superior court's judgment denying their motion for reconsideration of the court's grant of the motion to dismiss filed by AUDIT USA and John R. Brakey (collectively "AUDIT USA"). AUDIT USA cross-appeals, contending the superior court erred in only awarding limited attorney fees. For the following reasons, we affirm.

**Factual and Procedural Background**

**¶2** "On appeal from a motion to dismiss, this court 'assume[s] the truth of [all] well-pled factual allegations'" in the complaint "'and indulge[s] all reasonable inferences therefrom.'" *Swift Transp. Co. of Ariz. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, ¶ 3 (App. 2020) (alterations in *Swift*) (quoting *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, ¶ 7 (2008)). Further, we view those factual allegations in the light most favorable to the non-moving party, *Mirchandani v. BMO Harris Bank*, 235 Ariz. 68, ¶ 2 (App. 2014), here the County.

**¶3** In 2022, AUDIT USA submitted a public records request for "ballots Images, the Cast Vote Record and the Cast Vote Record Database," as well as three official reports from the August 2022 primary election in Santa Cruz County. A Cast Vote Record ("CVR") "is an electronic record of a voter's selections" from ballot images processed by an election management system that aggregates and tabulates votes.[1]

**¶4** The County replied that the CVR, CVR database, and official reports would be transmitted to AUDIT USA. However, the County denied AUDIT USA's request for ballot images on the ground that "they are

---

[1]John Wack et al., Nat'l Inst. of Studs. & Tech., Dep't of Com., NIST Special Publication 1500-103, Cast Vote Records Common Data Format Specification, at iii (2020), https://doi.org/10.6028/NIST.NP.1500-103.

confidential by law and therefore, not subject to disclosure under the public records law, A.R.S. § 39-121 et seq." Shortly thereafter, the County provided two of the requested official reports. It was unable to provide the third, as that report did not exist and could not be produced. As to the remaining requested records, the County identified them as protected from disclosure under A.R.S. § 16-625. AUDIT USA did not formally challenge that conclusion with any court filing.

¶5 Nonetheless, the County filed a declaratory judgment action pursuant to A.R.S. § 12-1831 asking the superior court to clarify the proper course of action as to the release of CVRs. AUDIT USA filed a motion to dismiss the County's action, contending the issue was not justiciable. The court granted that motion. The County moved for reconsideration[2] and supplemented that motion when AUDIT USA submitted a new request for the disputed CVRs. The court denied the motion and reaffirmed its decision granting AUDIT USA's dismissal.

¶6 In early 2023, the County appealed that denial to this court. A panel of this court vacated the dismissal and remanded the case to the superior court to consider whether AUDIT USA's renewed request for disclosure "was material to the issue of the existence of an actual controversy." On remand, the superior court considered the renewed request for CVRs, requested briefing on the issue, and ultimately ruled that there was still no justiciable issue. It entered final judgment in September 2024, including awarding AUDIT USA partial attorney fees and costs. This appeal followed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**Discussion**

## I. Justiciability

¶7 The County claims the superior court erred when it concluded on remand that the County's action seeking declaratory judgment raises no justiciable issue. An action seeking declaratory relief must raise one or more "specific adverse claims, based upon present rather than future or speculative facts, which are ripe for judicial determination." *Manning v. Reilly*, 2 Ariz. App. 310, 314 (1965).

---

[2]Later, to preserve the appeal deadline, the County successfully filed an expedited motion to convert the motion for reconsideration into a motion for a new trial under Rule 59(a), Ariz. R. Civ. P.

¶8　　　　A justiciable adverse claim exists if there is an assertion of both a right in which the plaintiff has a "definite interest" and a denial of that right by the opposing party. *Ponderosa Fire Dist. v. Coconino County*, 235 Ariz. 597, ¶ 16 (App. 2014). For this reason, no justiciable controversy exists when the defendant has not actually denied the plaintiff's asserted interest, *Land Department v. O'Toole*, 154 Ariz. 43, 47 (App. 1987), or when the defendant lacks the power to deny it, *Yes on 200 v. Napolitano*, 215 Ariz. 458, ¶ 29 (App. 2007).

¶9　　　　For a controversy to be ripe, it must presently exist. The ripeness doctrine prevents courts from rendering premature judgments or opinions on situations that may never occur. *Winkle v. City of Tucson*, 190 Ariz. 413, 415 (1997); *see also Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (role of courts is not to "issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies"). Our statute authorizing declaratory judgment actions, A.R.S. § 12-1832, also requires a presently existing controversy, rather than a mere potential one. *Town of Wickenberg v. State*, 115 Ariz. 465, 468 (App. 1977) (plaintiff's rights "must be presently affected" for controversy to be justiciable under terms of § 12-1832).

¶10　　　　On the record before us, the County's claim is neither sufficiently adverse nor ripe. In essence, the County maintains that its denial of a request for public records creates an actionable controversy against the requesting party. It implicitly contends that an "adverse claim" exists even when, as here, the requesting party is not pursuing any legal remedy as a result of that denial. But our jurisprudence instructs that no adverse claim exists when the defendant lacks the power to deny the plaintiff's asserted interest in the action. *Yes on 200*, 215 Ariz. 458, ¶ 29. And, under our state's public records regime, AUDIT USA lacks any power to require the County to disclose the requested records unless it first files a special action pursuant to A.R.S. § 39-121.02. AUDIT USA has filed no such action.

¶11　　　　Nor has AUDIT USA otherwise denied the County's asserted interest in making determinations about which public records must be disclosed and which must be withheld under prevailing law. As the County emphasizes, AUDIT USA renewed its request for the CVRs after the initial dismissal of the County's declaratory judgment action. But that request was neither a lawsuit nor did it expressly threaten one. Because AUDIT USA took no action that denied the County's authority to reject its requests for the CVRs, and because AUDIT USA lacked any power to

4

counter that authority without first filing a special action, the County's declaratory judgment action states no "adverse claim" against AUDIT USA. *Yes on 200*, 215 Ariz. 458, ¶ 29.

**¶12**          Even if the County could establish the components of an adverse claim against AUDIT USA, that claim would still not be justiciable because it would not be ripe.  In explaining its rationale for filing this action, the County maintains that it faces a "recurring dilemma":  that it either produce the CVRs and risk violating § 16-625, or "deny the records . . . potentially running afoul of the Arizona Public Records Law."  But that reasoning overlooks the actual posture of this case.  The County faces no risk of any sanction under § 16-625 because it has denied the request for the CVRs.  Nor would the County face any risk of an adverse adjudication under the public records law unless AUDIT USA challenges the denial of its request in court.  *See* § 39-121.02.  In the absence of such a challenge, the County's declaratory judgment action asks the court to render "a premature judgment or opinion on a situation that may never occur." *Winkle*, 190 Ariz. at 415.  Thus, the County asserts only the existence of a potential controversy with AUDIT USA, rather than a presently existing one, and ultimately seeks an advisory opinion from the courts.[3]

**¶13**          Lastly, the County observes that Arizona courts have previously reached the merits of actions initiated by public bodies to clarify their duties under Arizona's public records law.  *See Scottsdale Unified Sch. Dist. No. 48 v. KPNX Broad. Co.*, 191 Ariz. 297, ¶¶ 5-8 (1998); *Ariz. Bd. of Regents v. Phx. Newspapers, Inc.*, 167 Ariz. 254, 255-59 (1991).  But in neither of those cases did our supreme court address the justiciability of the underlying action before it.  Nor do those cases reflect that the defendants, both news organizations, ever challenged the lawsuits on that basis.  Therefore, those cases shed little light on the question before us.[4]  Because

---

[3]To the extent the County seeks official advice as to the lawfulness of its decision to deny the request for disclosure of the CVRs, it may request an advisory opinion from the Attorney General.  *See* A.R.S. § 41-193(A)(7) (requiring Attorney General to "render a written opinion on any question of law" when requested by "any public officer of this state or a county attorney").

[4]A public body's preemptive lawsuit—triggered by nothing more than a person or group seeking public records—also arguably runs afoul of Arizona's public records laws.  Under that scheme, a requesting party is authorized to seek relief by special action if the public body denies a request

the County's complaint neither states an actual controversy nor a ripe one, we conclude the superior court did not err in determining that the County's declaratory action is non-justiciable.

## II. Attorney Fees

**¶14**         The superior court awarded AUDIT USA approximately $20,000 in attorney fees and costs. This amount reflects a portion of the fees AUDIT USA had requested under A.R.S. § 12-348. On cross-appeal, AUDIT USA contends the court abused its discretion by denying additional fees under A.R.S. §§ 12-349(A) and 12-350.[5]  Specifically, AUDIT USA asserts that the County's claims lacked substantial justification.

---

for records.  *See* § 39-121.02(A).  As AUDIT USA observes, the scheme contains no parallel provision authorizing the public body to challenge the lawfulness of a request.  We acknowledge that granting public bodies such authority would burden a requestor's statutory right to seek public records with the risk of defending a lawsuit.  Such a burden could frustrate the purpose for which our public records laws were enacted:  to promote transparency in government by "allow[ing] the public access to official records and other government information so that the public may monitor the performance of government officials and their employees."  *Phx. Newspapers, Inc. v. Keegan*, 301 Ariz. 344, ¶ 33 (App. 2001) (quoting 1991 Op. Ariz. Att'y Gen. I91-004, at 6).  But we also acknowledge that the County, by filing a declaratory judgment action, would avoid improperly denying a public records request—an action that would arguably promote transparency in government.  Because we have affirmed the dismissal of the declaratory judgment before us on other grounds, and because the superior court did not address the question, we do not resolve whether the terms of our public records laws implicitly preclude public bodies from initiating such actions.

         [5]AUDIT USA also argues that the superior court abused its discretion in denying its request for additional attorney fees under A.R.S. § 12-349(B) because the court did not hold a "culprit hearing" to allocate fees between party and counsel.  A *sanctioned* party may request a culprit hearing to determine who is at fault for the sanction. *See Marquez v. Ortega*, 231 Ariz. 437, ¶ 26 (App. 2013).  However, a prerequisite for a culprit hearing is that there must first be a sanctioned party.  Here, because there was no sanctioned party, there was no basis for a culprit hearing, and thus the court did not abuse its discretion in denying AUDIT USA's request.

¶15         Section 12-349(A)(1) provides that a court may award attorney fees as a sanction if it finds that a claim was brought "without substantial justification," meaning that the claim was both groundless and not made in good faith. *See* § 12-349(F). As our supreme court explained in *Arizona Republican Party v. Richer*, "a claim is 'not made in good faith' if (1) it is groundless and (2) the party or attorney knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." 257 Ariz. 237, ¶ 38 (2024).

¶16         Under this framework, the superior court did not abuse its discretion in denying AUDIT USA's request for additional attorney fees. While the County's claim was ultimately unsuccessful, the record does not support a finding that it was brought "without substantial justification" as defined by § 12-349(F). That standard requires more than a failed legal position; it demands a showing that the claim was both groundless and not made in good faith, such that the claiming party knew or should have known the claim lacked merit. *See Richer*, 257 Ariz. 237, ¶ 38.

¶17         Here, the issue raised by the County was not novel in Arizona. Although the County permitted the disclosure of CVRs following the 2020 election, legal uncertainty surrounding the release of such records persisted. The County's concerns were justified, particularly in light of subsequent litigation in other counties. *See AUDIT-USA v. Maricopa County*, 254 Ariz. 536, ¶ 7 (App. 2023) (determining CVRs properly withheld due to statutory restrictions). Thus, although the County's filing was procedurally defective, the concerns underlying it were supported by a plausible reading of applicable statutes and a genuine effort to clarify legal obligations in the face of conflicting statutes. The superior court was in the best position to evaluate whether the County's conduct in filing a non-justiciable action crossed the line from mistaken to sanctionable. The court concluded that it did not. We find no reason to disturb that determination.

¶18         Moreover, our prior decision in this case, in which we granted a remand on the question of justiciability, supports the superior court's conclusion that the County's belief that it had brought a justiciable claim, while ultimately mistaken, was not frivolous. Accordingly, given the two-prong test under § 12-349, the court reasonably determined that the County's claim, while legally flawed, was not groundless and was not pursued in bad faith or with conscious disregard for its merits. Because this determination rests on a discretionary assessment of the facts and circumstances, and because the court is afforded broad discretion in making such determinations, we affirm the denial of additional attorney fees.

¶19        AUDIT USA requests its attorney fees and costs on appeal pursuant to § 39-121.02(B).   Because AUDIT USA is the "substantially prevailing party" in a dispute arising from a public records request, we exercise our discretion to grant those fees and costs.  *Id.*

## Disposition

¶20        For the foregoing reasons, we affirm the judgment of the superior court.