CUMMINGS & ASSOCIATES, INC., and Audrey Cummings, Appellants,

v.

The CITY OF OKLAHOMA CITY, ex rel. The OKLAHOMA CITY POLICE DEPARTMENT, and Robert Wilder, Chief of Police, Appellees.

No. 74057.

Supreme Court of Oklahoma.

March 30, 1993.

Phillips, McFall, McCaffrey, McVay, Sheets & Lovelace, P.C. by Robert N. Sheets, Cummings & Associates by Michael Arnett, Tom Cummings, Oklahoma City, for appellants.

Municipal Counselor's Office by James G. Hamill, Richard N. Mann, Diane Lewis, Oklahoma City, for appellees.

HODGES, Chief Justice.

Cummings and Associates and Audrey Cummings (lawyers) sought a writ of mandamus to compel the Oklahoma City Police Department (department) to make traffic collision reports available for public inspection. The lawyers desired access to these records without providing the names of parties or other information regarding a particular accident. The department refused to provide access to the reports unless lawyers could first give the names of the parties involved or the date and location of the accident. The trial court held that the Oklahoma Open Records Act (Act), Okla.Stat. tit. 51, §§ 24A.1–24A.20 (1991), did not require disclosure of the reports sought.

The Court of Appeals held that the Act did require disclosure of traffic collision reports. However, it then held that mandamus was not a proper remedy for the lawyers because their intended use of the records violated the prohibition on solicitation of clients. This Court granted certiorari to review that court's holding concerning target mail solicitation of clients and its construction of the Act.

## SOLICITATION OF CLIENTS

The Court of Appeals held that the lawyers had no "clear legal right" justifying a writ of mandamus, despite its conclusion that the traffic collision reports were subject to the Act, citing *State Highway Commission v. Green–Boots Construction Co.*, 199 Okla. 477, 187 P.2d 209 (1947). This holding was based on the fact that the lawyers' intended use of the traffic collision reports violated the version of Rule 7.3 of the Oklahoma Rules of Professional Conduct in effect at that time. *See* Okla. Stat. tit. 5, Ch. 1, App. 3–A (Supp.1988). That rule contained a blanket prohibition on target mail solicitations from prospective clients. The controlling decision in *Shapero v. Kentucky Bar Association,*

486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988), however, was not presented to the Court of Appeals. Nor had Rule 7.3 been amended to conform to *Shapero's* holding.

*Shapero* held that Kentucky's blanket prohibition on target mail solicitation violated the First Amendment to the United States Constitution. Oklahoma's Rule 7.3 also contained a blanket prohibition until it was amended in 1991[1] to conform to *Shapero's* holding. As the department acknowledges in its response to the lawyers' petition for rehearing in the Court of Appeals, the "newly adopted rule does not appear to prohibit the type of direct mail solicitation sought by the [lawyers]."

■ Although Rule 7.3 was not actually amended until 1991, the blanket prohibition on target mail solicitation contained in the old version of the rule violated the First Amendment. Target mail solicitation was permissible despite what was stated in the old rule and thus, the Court of Appeals reason for affirming the trial court's denial of a writ of mandamus is invalid. Analysis of the Open Records Act is therefore required.

### OKLAHOMA OPEN RECORDS ACT

The purpose of the Act is "to ensure and facilitate the public's right to access to and review of government records so they may efficiently and intelligently exercise their inherent political power." Okla.Stat. tit. 51, § 24A.2. Access may be denied when the records have been specifically exempted from disclosure by the Act or statutes which authorize, create or require the records, or when state or federal statutes create a confidential privilege. *See id.* Under the Act, any document is a "record" and a police department is a "law enforcement agency."

■ A specific section of the Act addresses records of law enforcement agencies. It lists eight categories of crime related records which must be made available for public inspection. *See id.* at § 24A.8(A). The section goes on to provide that except for these categories and others opened by state or local law, "law enforcement agencies may deny access to law enforcement records except where a court finds that the public interest or the interest of an individual outweighs the reason for denial." *Id.* at § 24A.8(B).

The lawyers wish to review traffic collision reports. These do not fall within one of the eight categories of crime related documents required to be open listed in the law enforcement section of the Act. Therefore, the traffic collision reports may be withheld if the department's interest is sufficient to outweigh the lawyers' interest in the reports. The denial of the lawyers'

---

1. The 1991 amendment to Rule 7.3 limited the prohibition on direct contact with prospective clients to allow targeted mailings. The following comment on targeted recipients was added to Rule 7.2:

> Direct mail solicitations sent to targeted recipients (i.e., written or recorded communications from a lawyer soliciting professional employment from a prospective client known to be in need of legal services in a particular matter) are permitted, subject to compliance with Rules 7.1 and 7.3 and additional conditions imposed in Rule 7.2. (All in-person and telephone solicitations for pecuniary gain, whether or not "targeted," are forbidden by Rule 7.3(a) except under the circumstances described in 7.3(b).) The conditions provided in Rule 7.2(e) are self-explanatory and essentially track those specifically recognized as permissible in order to reduce the potential for misrepresentation or overreaching in connection with such communications by the

opinion in *Shapero v. Kentucky Bar Ass'n,* 486 U.S. 466, 475–78, 108 S.Ct. 1916, 1923–24, 100 L.Ed.2d 475 (1988). Also added is a requirement that there be public access to such communications, as yet another means of reducing the potential for possible misleading or abusive conduct. Cf. dissenting opinion of O'Conner, J., 486 U.S. at 481, 108 S.Ct. at 1926. However, in order to protect the privacy interests of the recipients, only the form of such communications, and not the names and addresses or supporting documentation, will be made accessible to the public; it is therefore intended that the lawyer shall furnish a copy of the form of such communication and any enclosures separately from the list of recipients. The notification prescribed by Rule 7.2(e)(2) need only appear in the letter of recording addressed to the targeted recipient and not in other materials of a general informational nature which may be included in the mailing.

request was based on the department's method of maintaining reports.

▮ Testimony before the trial court described the procedure the department uses to process traffic reports. As officers return from their shift, they turn in traffic collision reports. These reports are completed on a form provided by the Department of Public Safety which eventually collects reports from all police departments in Oklahoma. When the reports arrive at police department headquarters, copies are distributed to investigators. The original reports are then forwarded to the data entry section to be entered into the department's computer for microfilming. Copies of the reports are then sent to the Department of Public Safety. The original report is held by the police department for ten years.

Traffic reports, however, are not the only report the department processes. While the department receives 35 to 75 traffic reports per day, it also receives 300 to 400 crime incident reports. The traffic reports are not separated from the crime incident reports when they arrive at the data entry section.

The department fills requests for copies of traffic reports by utilizing a computer system. A copy of a report may be obtained by completing a form which asks the name or names of those involved in the accident, along with their date of birth and home address, and the incident number, date and time of the accident. A two dollar search fee is charged for each request and one dollar is charged for each page of report copied. Without at least some of the requested information concerning a particular traffic accident, a report cannot be found using the computer. The computer is unable to generate a list of accidents using only a date. A special computer program would have to be developed to do so.

The testimony led the trial court to conclude:

I do not find that it's in the public interest to have that open to everybody in this community and presumably to be opened up to three thousand eight hundred plus lawyers to go down there. And I certainly don't find ... that the interest of this Plaintiff in aiding her in solicitation of business of automobile accidents is sufficient to require the police department go to that trouble to provide that information.

Thus, the trial court balanced the interests and found the department's interest outweighed the lawyers' interest in soliciting clients.

The trial court was correct in denying relief to the lawyers. The target mail solicitation of clients from those injured in automobile collisions no longer violates the Rules of Professional Conduct. But that does not justify requiring law enforcement agencies to make special arrangements to provide traffic collision reports to lawyers without the basic information required of every other person requesting a copy of a report. This decision does not prevent lawyers who want copies of specific reports from obtaining them by completing the request form and paying the search fee. The opinion of the Court of Appeals is vacated and the trial court's decision to deny relief is affirmed.

CERTIORARI GRANTED; OPINION OF COURT OF APPEALS VACATED; JUDGMENT OF TRIAL COURT AFFIRMED.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON, SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs in result.