Dear Senator Leftwich:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Depending on the facts and circumstances, could a record indicating the date of birth of an employee of a public body be protected against disclosure as an "unwarranted invasion of [the] personal privacy" of the employee under the Open Records Act, 51 O.S.Supp. 2008, § 24A.7[51-24A.7](A)(2), or as a violation of the employee's right of privacy under federal law?
 2. Under the Open Records Act, 51 O.S.Supp. 2008, § 24A.5[51-24A.5](1), which states that the Act "does not apply to records specifically required by law to be kept confidential," is a record indicating the date of birth of an employee of a public body protected against disclosure by either 63 O.S.Supp. 2008, § 1-323[63-1-323](A), which generally makes it unlawful to disclose vital statistics information, or the federal Driver's Privacy Protection Act, 18 U.S.C. §§ 2721 — 2725, which protects "personal information within driver records?"
 3. Is a public body required under the Oklahoma Open Records Act, 51 O.S.Supp. 2008, § 24A.7[51-24A.7](B), to release a personnel record indicating the name of an employee who has been placed on "administrative leave with pay" when:
 a. The employee has not had a due process hearing as required by Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), or a name-clearing hearing under the requirements of Melton v. City of Oklahoma City, 879 F.2d 706 (10th Cir. 1989); and *Page 2 
 b. The action of placing the employee on "administrative leave with pay" constitutes, under the personnel policies of the public body, neither (1) a "final" or "disciplinary" action, nor (2) a "final disciplinary action resulting in loss of pay, suspension, demotion of position, or termination?"
We begin our analysis with the legislatively declared public policy and purpose behind the Open Records Act, ("ORA"), 51 O.S. 2001 Supp. 2008, §§ 24A.1 — 24A.29.
 As the Oklahoma Constitution recognizes and guarantees, all political power is inherent in the people. Thus, it is the public policy of the State of Oklahoma that the people are vested with the inherent right to know and be fully informed about their government. The Oklahoma Open Records Act shall not create, directly or indirectly, any rights of privacy or any remedies for violation of any rights of privacy; nor shall the Oklahoma Open Records Act, except as specifically set forth in the Oklahoma Open Records Act, establish any procedures for protecting any person from release of information contained in public records. The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power. The privacy interests of individuals are adequately protected in the specific exceptions to the Oklahoma Open Records Act or in the statutes which authorize, create or require the records. Except where specific state or federal statutes create a confidential privilege, persons who submit information to public bodies have no right to keep this information from public access nor reasonable expectation that this information will be kept from public access; provided, the person, agency or political subdivision shall at all times bear the burden of establishing such records are protected by such a confidential privilege. Except as may be required by other statutes, public bodies do not need to follow any procedures for providing access to public records except those specifically required by the Oklahoma Open Records Act.
51 O.S. 2001, § 24A.2[51-24A.2] (emphasis added).
With this public policy and purpose in mind, we turn to your first question.
 Depending on the facts and circumstances, could a record indicating the date of birth of an employee of a public body be protected against disclosure as an "unwarranted invasion of [the] personal privacy" of the employee under the Open Records Act, 51 O.S.Supp. 2008, § 24A.7[51-24A.7](A)(2), or as a violation of the employee's right of privacy under federal law?
This question specifically concerns a public body's personnel records, which the ORA addresses in Section 24A.7. That section reads as follows:
 A. A public body may keep personnel records confidential: *Page 3 
 1. Which relate to internal personnel investigations including examination and selection material for employment, hiring, appointment, promotion, demotion, discipline, or resignation; or
 2. Where disclosure would constitute a clearly unwarranted invasion of personal privacy such as employee evaluations, payroll deductions, employment applications submitted by persons not hired by the public body, and transcripts from institutions of higher education maintained in the personnel files of certified public school employees; provided, however, that nothing in this subsection shall be construed to exempt from disclosure the degree obtained and the curriculum on the transcripts of certified public school employees.
 B. All personnel records not specifically falling within the exceptions provided in subsection A of this section shall be available for public inspection and copying including, but not limited to, records of:
 1. An employment application of a person who becomes a public official;
 2. The gross receipts of public funds;
 3. The dates of employment, title or position; and
 4. Any final disciplinary action resulting in loss of pay, suspension, demotion of position, or termination.
 C. Except as may otherwise be made confidential by statute, an employee of a public body shall have a right of access to his own personnel file.
 D. Public bodies shall keep confidential the home address, telephone numbers and social security numbers of any person employed or formerly employed by the public body.
Id. (emphasis added). *Page 4 
As this provision shows, for purposes of disclosure the ORA does not treat all personnel records, or all information contained in personnel records, equally. Rather, Section 24A.7 separates personnel records into different categories — those which a public body: (1) "may" keep confidential (subsection A); (2) "shall" keep confidential (subsection D); and (3) "shall" make available for public inspection and copying (subsection B). If a personnel record contains both information exempt from disclosure and information subject to disclosure, "[a]ny reasonably segregable portion of a record containing exempt material shall be provided after deletion of the exempt portions[.]" Id. § 24A.5(2).
Unlike the three pieces of information listed in Section 24A.7(D) (employees' home addresses, phone numbers, and social security numbers), [1] the ORA does not expressly state that a public body's employees' birth dates are confidential. As you note in your question, however, subsection (A)(2) of Section 24A.7 raises the issue of whether a public body may, in its discretion, decide that disclosure of its employees' birth dates "would constitute a clearly unwarranted invasion of personal privacy." Id.
What constitutes a "clearly unwarranted invasion of personal privacy" is not defined in the ORA. Section 24A.7 merely states that a public body may keep confidential, on personal privacy grounds, personnel records "such as employee evaluations, payroll deductions, employment applications submitted by persons not hired by the public body, and transcripts from institutions of higher education maintained in the personnel files of certified public school employees." Id. (emphasis added). We interpret "such as" as being similar to "including, but not limited to," meaning that the items listed are illustrative rather than exclusive.
The question becomes, then, how would a public body determine whether disclosure of a personnel record or piece of information constitutes a clearly unwarranted invasion of employees' personal privacy? This determination requires a public body to balance the interests involved, weighing the public's right of access to the records, which the Legislature has declared is substantial, against the employees' interests in nondisclosure.
Although we have found no cases specifically applying a balancing test to the competing public and private interests in Section 24A.7 for personnel records, Oklahoma courts have used such a test in construing similar language in Section 24A.8 regarding law enforcement records. SeeCummings Assoc. v. City of Okla. City,849 P.2d 1087, 1089 (Okla. 1993) (citing51 O.S. 1991, § 24A.8(B) (providing that law enforcement agenciesmay keep certain records confidential) and employing *Page 5 
balancing test to find that "traffic collision reports may be withheld if the department's interest is sufficient to outweigh the [requesters]' interest in the reports"); but see State exrel. Bd. of Med. Licensure Supervision v. Migliaccio,917 P.2d 483, 487 (Okla. Civ. App. 1996) (finding that ORA's exception for certain law enforcement records did not apply and the Board's records of disciplinary action against the doctor would be open to the public because "no provision in the Open Records Act . . . allows a court to balance an individual's interest in having records remain private and the public's interest in having access to the records"). Migliaccio does not apply to our analysis, however, because the court in that case was considering disciplinary records of licensees, rather than personnel records of employees, and thus did not consider Section 24A.7(A)(2)'s provision expressly allowing public bodies to determine what constitutes a clearly unwarranted invasion of personal privacy.Id. at 486 ("Section 24A.7 is clearly intended to apply to internal employees of a public body, and not those licensed by that body.")
The ORA was enacted to further the public policy of letting the people "be fully informed about their government" (51 O.S. 2001, § 24A.2[51-24A.2]), and thus records of public bodies that disclose whether they and their employees are "honestly, faithfully, and competently performing their duties" (51 O.S.Supp. 2008, § 24A.5[51-24A.5](3)(b)), unless made confidential by law, are to be open to the citizens. However, when we examine the items listed in Section 24A.7(A)(2) as examples of information that public bodies may keep confidential as a clearly unwarranted invasion of personal privacy, it is clear that the Legislature intended that the ORA's public policy in favor of disclosure be subordinate in some cases to employees' interests against disclosure. For example, a public body may decide to keep "employee evaluations" confidential, even though it would appear that disclosing such evaluations would be helpful in letting citizens ascertain that employees of public bodies are properly fulfilling their duties. Similarly, disclosing college transcripts of certified public school employees, especially teachers, could inform citizens of the abilities and qualifications of the persons who are teaching their children. It is apparent, however, that the Legislature has determined that employees' interests in not disclosing their performance evaluations and school employees' interests in keeping their college transcripts confidential outweigh the public's right to have that information; public bodies therefore may, in their discretion, keep the information confidential.
On the other hand, in attempting to determine whether disclosing an item not listed in Section 24A.7(A)(2), such as employees' birth dates, constitutes a clearly unwarranted invasion of personal privacy, a public body may determine that the ORA's public policy raises the question, "How does disclosing an employee's birth date allow citizens to know what the government (or a particular employee) is up to, and whether he or she is properly discharging his or her duties?" If the purpose of the ORA is to "ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power," (51 O.S. 2001, § 24A.2[51-24A.2]) the operative question is "how will knowing an employee's birth date assist citizens in the exercise of that political power?"
It should be noted that since the Legislature did not specifically make dates of birth confidential the presumption would be that they are open unless the exception is (1) claimed and (2) found to outweigh the public interest in the requested record. This determination, since it involves a *Page 6 
determination of "personal" privacy must be individual in application. A general policy prohibiting disclosure would constitute a legislative determination beyond the authority of a public body.
In construing the open records acts of states having language similar to the ORA's "clearly unwarranted invasion of personal privacy" exception, several Attorneys General have concluded that birth dates of employees of public bodies are not subject to disclosure. See, e.g., Haw. Op. Att'y Gen. 90-7, 1990 WL 482355, at *5 (finding that individuals have a substantial privacy interest in their birth dates and disclosing them would not shed any light on the public body's conduct, its duties, or on "what [it] is up to"); Miss. Op. Att'y Gen. 2009-00366, 2009 WL 2184236, at *3 (deciding that employees have privacy interest in their personnel information, including date of birth); Ark. Op. Att'y Gen. 2008-137, 2008 WL 3982400, at *4 (citing previous opinions and affirming that employees' privacy interest in their birth dates outweighs public interest in disclosure); Ky. Op. Att'y Gen. 08-ORD-170, 2008 WL 3916071, at *6 n. 7 (noting that employee's interest in withholding birth date "outweighs the minimal public interest in disclosure"); 1975 S.C. Op. Att'y Gen. No. 4004,1975 WL 22302 (stating that disclosing an employee's birth date may be an unreasonable invasion of privacy, noting that although an individual who enters public employment "necessarily surrenders, to some degree, a large amount of his privacy," he nevertheless does not surrender his right to privacy in "matters which cannot, in any manner, affect the performance of his duties if they are not disclosed to the public"); Del. Op. Att'y Gen. 94-I019, 1994 WL 908546, at *2 ("A broad request for the dates of birth of all state employees is irrelevant to the public's interest in observing government business."). But see
Tex. Op. Att'y Gen. OR2006-01938, 2006 WL 622767, at *2, 3 (stating that although "a majority of the fifty states protect date of birth information in government employee personnel files" and recognizing that disclosure of employee birth dates raises concerns of identity theft, under the Texas Public Information Act "we are unable to conclude that the information is private or that `special circumstances' exist that would require protection of the date of birth").
State courts have similarly found that public employees' personal information, such as birth dates, may be kept confidential on personal privacy grounds. See, e.g., Hearst Corp. v. State ex rel.Office of the Comptroller,882 N.Y.S.2d 862, 874-76 (N.Y. Sup. Ct. 2009);Rowland v. Pub. Sch. Employees' Ret. Sys.,885 A.2d 621, 629-30 (Pa. Commw. Ct. 2005); Data Tree, LLC, v.Meek, 109 P.3d 1226, 1237-38 (Kan. 2005); Scottsdale UnifiedSch. Dist. v. KPNX Broad. Co., 955 P.2d 534, 538-39 (Ariz. 1998).
Finally, you also ask whether disclosing the birth date of a public body's employee is "a violation of the employee's right of privacy under federal law." The Federal Freedom of Information Act ("FOIA") exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(6) (West, Westlaw eff. Oct. 28, 2009). The federal FOIA applies only to federal governmental agencies, not to state or local public bodies,see 5 U.S.C. § 551(1) (West, Westlaw eff. Oct. 29, 2009), so it is not dispositive of your question. However, we note that federal courts construing the FOIA have applied a balancing test to determine whether an individual's privacy interest outweighs the public interest in disclosing a record. See, e.g., Fed. LaborRelations Auth., 510 U.S. at 495 ("[A] court must balance the public interest in disclosure against the interest Congress intended the [e]xemption *Page 7 
to protect."). Further, at least one federal case has expressly stated that disclosure of birth dates (along with social security numbers) would violate the FOIA as "a clearly unwarranted invasion of personal privacy." See Oliva v.United States, 756 F. Supp. 105, 107 (E.D.N.Y. 1991).
Similarly, the federal Privacy Act of 1974 provides "certain safeguards for an individual against an invasion of personal privacy," see Privacy Act of 1974, Pub.L. No. 93-579, § 2, 88 Stat. 1896 (1974),reprinted in 5 U.S.C.A. § 552a, note, stating that government agencies cannot deny an individual any right, benefit or privilege because he or she refuses to disclose his or her social security number, but we have found no cases holding that individuals' birth dates are protected information and not subject to disclosure under the Privacy Act.[2]
To answer your first question, we conclude that under Section 24A.7(A)(2) of the ORA a public body may, but is not required to, keep confidential a personnel record, or information contained in a personnel record, that discloses an employee's birth date if it determines that disclosure would constitute a clearly unwarranted invasion of the employee's personal privacy. The public body "shall at all times bear the burden of establishing such records are protected by such a confidential privilege." 51 O.S. 2001, § 24A.2[51-24A.2]. Whether any particular record or information is a "personnel record" is a question of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
We will address your next question in two parts, examining in turn the confidentiality provisions of the Public Health Code and the federal Driver's Privacy Protection Act, both of which may be analyzed in conjunction with the ORA's Section 24A.5.
 Is a record indicating the date of birth of an employee of a public body protected against disclosure by virtue of the combined authority of:
 • 63 O.S.Supp. 2008, § 1-323[63-1-323](A) (It is unlawful for "any person" to disclose vital statistics information "except to the person who is the subject of the *Page 8 record or in such person's interest unless ordered to do so by a court of competent jurisdiction";
 • 63 O.S.Supp. 2008, § 1-301[63-1-301](1) ("vital statistics" include "records of birth . . . and data related thereto"); and
 • 51 O.S.Supp. 2008, § 24A.5[51-24A.5](1) (Open Records Act "does not apply to records specifically required by law to be kept confidential")?
In this question, you cite specific statutes in Oklahoma's Public Health Code making certain information confidential and ask whether public bodies may keep their employees' birth dates confidential under the ORA's provision recognizing the confidentiality bestowed by other provisions of law.
As you note, the ORA "does not apply to records specifically required by law to be kept confidential." 51 O.S.Supp. 2008, § 24A.5[51-24A.5](1). The cited provision of the Public Health Code makes certain records and information therein confidential as follows:
 To protect the integrity of vital statistics records, to insure their proper use, and to insure the efficient and proper administration of the vital statistics system, it shall be unlawful for any person to permit inspection of, or to disclose information contained in, vital statistics records, or to copy or issue a copy of all or part of any such record except to the person who is the subject of the record or in such person's interest unless ordered to do so by a court of competent jurisdiction[.]
63 O.S.Supp. 2008, § 1-323[63-1-323](A) (emphasis added). "Vital statistics" and "system of vital statistics" are defined as follows:
As used in this article:
 1. "Vital statistics" means records of birth, death, fetal death and data related thereto;
 2. "System of vital statistics" means the registration, collection, preservation, amendment and certification of vital statistics records, and activities related thereto, including the tabulation, analysis and publication of statistical data derived from such records[.]
Id. § 1-301. These definitions occur in the context of a statewide centralized system of vital statistics records under the superintending control of the State Department of Health. "The State Commissioner of Health shall install, maintain and operate a system of vital statistics throughout this state." 63 O.S. 2001, § 1-303[63-1-303]. In operating the system of vital statistics, the Commissioner of Health is required to establish registration districts throughout the state and appoint local registrars to *Page 9 
acquire and transmit vital statistics records from their districts to the Commissioner of Health as the custodian of such records.Id. §§ 1-304 — 1-306.
Thus, the vital statistics records you ask about are generally in the custody of the State Department of Health ("Department"). The Department is, however, expressly authorized to transmit certain such records and/or information contained therein for specific purposes to four named state agencies: the Department of Public Safety (list of registered deaths); the Health Care Authority (same); the State Bureau of Investigation (birth certificates of missing children); and the Department of Labor (death certificates).Id. § 1-323(C), (D), (F), (G). Of course, it is possible that other public bodies have copies of vital statistics records; for example, a public retirement system may require that its members submit copies of their birth certificates to prove their eligibility to retire.
Section 1-323(A), which you cite in your question, applies to "any person" having custody of vital statistics records such as birth and death certificates. Since you are concerned with the disclosure of birth dates of employees of public bodies, it appears that Section 1-323(A) would prohibit any person who has custody of vital statistics records such as birth certificates from copying or disclosing the information thereon, except to the employee himself or herself, unless a court orders otherwise.
The confidentiality mandated by this provision of law, however, does not extend to records that are not "vital statistics records" and part of "the vital statistics system" maintained by the Department of Health; i.e, it does not apply to every record of every public body that happens to contain a piece of information, like the birth date, of a public body's employees. Such a conclusion would lead to an absurd result. If every piece of information that appears on a vital statistics record, such as a birth certificate, were protected anywhere it occurred in any record of any public body, it would mean that the name of the individual would also be confidential. Public bodies cannot keep secret the names of the persons who are employed by them merely because Section 1-323 of the Public Health Code would make such information confidential if it appeared on a vital statistics record. Similarly, a birth date that appears on, for instance, the employment application of the employee of a public body is not confidential under Section 1-323, as the application form is not a vital statistics record that is part of the State's vital statistics system.
Next, we address your question of whether birth dates of employees of public bodies may be kept confidential as personal information in driver records.
 Under the Oklahoma Open Records Act, is a record indicating the date of birth of an employee of a public body protected against disclosure by virtue of such data also being "personal information within driver records" as defined by the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721 — 2725, as referenced in 51 O. S.Supp.2008, § 24A.5(1)(c)?
The relevant part of the ORA that you refer to in this question reads as follows:
 All records of public bodies and public officials shall be open to any person for inspection, copying, or mechanical reproduction during regular business hours; provided: *Page 10 
 1. The Oklahoma Open Records Act, Sections 24A.1 through 24A.2[9] of this title, does not apply to records specifically required by law to be kept confidential including:
 . . . .
 c. personal information within driver records as defined by the Driver's Privacy Protection Act, 18 United States Code, Sections 2721 through 2725[.]
Id. (emphasis added).
The relevant parts of the federal Driver's Privacy Protection Act read as follows:
 (a) In general. — A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:
 (1) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section; or *Page 11 (2) highly restricted personal information, as defined in 18 U.S.C. 2725(4), about any individual obtained by the department in connection with a motor vehicle record, without the express consent of the person to whom such information applies, except uses permitted in subsections (b)(1), (b)(4), (b)(6), and (b)(9): Provided, That subsection (a)(2) shall not in any way affect the use of organ donation information on an individual's driver's license or affect the administration of organ donation initiatives in the States.
18 U.S.C. § 2721 (emphasis added) (West, Westlaw eff. Oct. 23, 2000).[3] The definitions section of the Driver's Privacy Protection Act reads as follows:
 In this chapter —
 (1) _motor vehicle record_ means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles;
 (2) _person_ means an individual, organization or entity, but does not include a State or agency thereof;
 (3) _personal information_ means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.
 (4) _highly restricted personal information_ means an individual's photograph or image, social security number, medical or disability information; and
 (5) _express consent_ means consent in writing, including consent conveyed electronically that bears an electronic signature as defined in section 106(5) of Public Law 106-229.
Id. § 2725 (footnote omitted) (West, Westlaw eff. Oct. 23, 2000). *Page 12 
By its express language, Section 2721 of the Driver's Privacy Protection Act applies only to "[a] State department of motor vehicles, and any officer, employee, or contractor thereof."Id. In Oklahoma, the "State department of motor vehicles" is the Department of Public Safety ("DPS"). The federal law prohibits the DPS and its employees or contractors from disclosing "personal information" or "highly restricted personal information" "in connection with a motor vehicle record" as defined in Section 2725. The protected information within a motor vehicle record includes an individual's driver ID number, name, photo, social security number, address (except zip code), phone number, and medical/disability information. Although an individual's date of birth is included in the DPS's motor vehicle records, that information is not protected from disclosure under the Driver's Privacy Protection Act as either "personal information" or "highly restricted personal information," and thus is not confidential under Oklahoma's ORA as "personal information within driver records." See Camara v.Metro-North R.R. Co.,596 F. Supp. 2d 517, 523 n. 9 (D. Conn. 2009) (using statutory construction to determine that Section 2725 of the Driver's Privacy Protection Act "cannot be read to apply to an individual's birth date" and inferring that Congress deliberately excluded it from the items of protected personal information listed therein).
We turn now to your final question.
 Is a public body required under the Oklahoma Open Records Act to release a record indicating the name of an employee who has been placed on "administrative leave with pay" when:
 a. The employee has not had a due process hearing as required by Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), or a name-clearing hearing under the requirements of Melton v. City of Oklahoma City, 879 F.2d 706 (10th Cir. 1989);[4] and
 b. The action of placing the employee on "administrative leave with pay" constitutes, under the personnel policies of the public body, neither (1) a "final" or "disciplinary" action, nor (2) a "final disciplinary action resulting in loss of pay, suspension, demotion of position, or termination" (see 51 O.S.Supp. 2008, § 24A.7[51-24A.7](B))?
Your last question concerns the circumstances in which a public body must disclose the name of an employee who is on administrative leave with pay. Your question does not state why the employee is *Page 13 
on administrative leave with pay, but implies that the employee is facing potential disciplinary action. The relevant part of the ORA reads as follows:
 A. A public body may keep personnel records confidential:
 1. Which relate to internal personnel investigations including examination and selection material for employment, hiring, appointment, promotion, demotion, discipline, or resignation[.]
 . . . .
 B. All personnel records not specifically falling within the exceptions provided in subsection A of this section shall be available for public inspection and copying including, but not limited to, records of:
 . . . .
 4. Any final disciplinary action resulting in loss of pay, suspension, demotion of position, or termination.
51 O.S.Supp. 2008, § 24A.7[51-24A.7] (emphasis added). Under subsection (A), a public body has discretion to keep personnel records confidential that relate to, among other things, "internal personnel investigations." Further, reading subsections (A) and (B) together, the ORA allows public bodies to choose to keep confidential any personnel records related to "discipline," except
that records indicating "[a]ny final disciplinary action resulting in loss of pay, suspension, demotion of position, or termination"must be disclosed if requested by the public.Id. § 24A.7(B)(4).
The ORA does not mention "administrative leave with pay" in Section 24A.7 or anywhere else. In the factual scenario your question poses, the public body in question has personnel policies under which administrative leave is neither "discipline" nor a "final disciplinary action resulting in loss of pay, suspension, demotion, or termination." If under the public body's personnel policies placing an employee on administrative leave with pay is the usual procedure during an internal personnel investigation, the public body may keep any record related to that action confidential under Section 24A.7(A). Once an investigation is complete and a final disciplinary action that qualifies under Section 24A.7(B) occurs, the record(s) indicating that action must be available for public inspection and copying.
This "Revised Opinion" replaces the old opinion which is no longer valid and it should be destroyed.
 It is, therefore, the official Opinion of the Attorney General that:
 1. A public body has discretion to determine that disclosing a personnel record indicating the date of birth of an employee of the public body is an "unwarranted invasion of [the] personal privacy" of the employee under the Open Records Act, 51 O.S.Supp. 2008, § 24A.7[51-24A.7](A)(2). In *Page 14 making such a determination, the public body must weigh the employee's interest in nondisclosure against the public's interest in disclosing the record. If the public body determines that the employee's interest in nondisclosure is greater, it may keep the birth date confidential and disclose the remainder of the personnel record. 51 O.S.Supp. 2008, § 24A.5[51-24A.5](2).
 2. Under the Oklahoma Open Records Act, 51 O.S.Supp. 2008, § 24A.5[51-24A.5](1), and the Public Health Code, 63 O.S.Supp. 2008, § 1-301[63-1-301](1), a vital statistics record such as a birth certificate, and the information contained therein, that is part of the Department of Health's vital statistics system is confidential and may not be disclosed except as provided in the Public Health Code (63 O.S.Supp. 2008, § 1-323[63-1-323](A)). However, these provisions of law do not make confidential the birth date of an employee of a public body that is contained in any record that is not a vital statistics record and part of the vital statistics system.
 3. The Driver's Privacy Protection Act, 18 U.S.C. §§ 2721 — 2725, as referenced in the Open Records Act, 51 O.S.Supp. 2008, § 24A.5[51-24A.5](1)(c), does not make the birth date of an employee of a public body confidential.
 4. A public body may keep confidential a record indicating the name of an employee who has been placed on administrative leave with pay if, under the personnel policies of the public body, the action constitutes neither a "final" or "disciplinary" action, nor a "final disciplinary action resulting in loss of pay, suspension, demotion of position, or termination." 51 O.S.Supp. 2008, § 24A.7[51-24A.7](B).
W.A. DREW EDMONDSON Attorney General of Oklahoma
DEBRA SCHWARTZ Assistant Attorney General
[1] The Legislature added subsection (D) to Section 24A.7 in 1994 to keep confidential the home addresses of a public body's current or former employees. 1994 Okla. Sess. Laws ch. 177, § 1(D). In 2005, the Legislature added employees' telephone numbers and social security numbers to subsection (D). 2005 Okla. Sess. Laws ch. 116, § 2(D).
[2] Due to internal inconsistencies with the federal Privacy Act's use of the term "agency," courts disagree on whether the Privacy Act applies only to federal agencies, or also to State and local government agencies. See, e.g., Ingerman v. Del. River PortAuth., 630 F. Supp. 2d 426, 431-38 (D.N.J. 2009). The court inIngerman noted that the Privacy Act incorporates the FOIA's definition of "agency" as "each authority of the Government of the United States" but also defines the term as including "federal,state, and local government agency. . . . Recognizing this conflict, the courts are split on methods of reconciliation."Id. at 433.
[3] Section 2721 contains a number of "permissible uses" of the restricted information, but none of these are relevant to your question.
[4] It is irrelevant to an analysis under the ORA whether an employee has undergone a Loudermill due process hearing or a name-clearing hearing, as your question expressly presumes that no "discipline" or "final disciplinary action" has occurred.

 *Page 1